985 F.2d 560
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Darrell JONES, Plaintiff-Appellant,
v.
The PILLSBURY COMPANY, Defendant-Appellee.
 No. 92-3327.
 United States Court of Appeals, Sixth Circuit.
 Feb. 1, 1993.
 
 Before NATHANIEL R. JONES and SUHRHEINRICH, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 Darrell Jones appeals the summary judgment for defendant in this action filed under § 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiff filed his complaint by counsel in the Butler County, Ohio, Court of Common Pleas alleging a state law breach of contract claim and a federal ERISA claim based upon defendant's refusal to pay disability retirement benefits to him under the Pillsbury Retirement Plan for Employees at Hamilton (Plan). Defendant removed the complaint to the district court pursuant to 28 U.S.C. § 1441. Thereafter, defendant moved for summary judgment and plaintiff responded in opposition.
 
 
 3
 The magistrate judge construed plaintiff's claim as one brought under the LMRA and recommended that summary judgment for defendant be granted. Plaintiff filed objections by counsel and pro se. The district court adopted the magistrate judge's recommendation and granted summary judgment for defendant.
 
 
 4
 On appeal, plaintiff is proceeding pro se and contends that he is entitled to disability retirement under the terms of the Plan because he had been an employee of defendant for more than the required ten years when he "cease(d) work." Defendant disagrees and contends that plaintiff's complaint is barred under the applicable statute of limitations. Reviewing the grant of summary judgment de novo on appeal using the same test employed by the district court, Brooks v. American Broadcasting Cos., 932 F.2d 495, 500 (6th Cir.1991), we conclude that the denial of disability pension benefits was not arbitrary, capricious or in bad faith. See Roberson v. General Motors Corp., Detroit Diesel Allison Div., 801 F.2d 176, 180 (6th Cir.1986). Further, the district court correctly noted that plaintiff's complaint is not barred under the most analogous Ohio statute of limitations as applied to the instant action. See Central States Southeast & Southwest Areas Pension Fund v. Kraftco, Inc., 799 F.2d 1098, 1105 n. 5 (6th Cir.1986) (en banc), cert. denied, 479 U.S. 1086 (1987); Champion Int'l Corp. v. United Paperworkers Int'l Union, 779 F.2d 328, 331-34 (6th Cir.1985).
 
 
 5
 Accordingly, the judgment of the district court is affirmed for the reasons stated in the magistrate judge's report and recommendation filed January 29, 1992, adopted by the district court in its order filed March 5, 1992. Rule 9(b)(3), Rules of the Sixth Circuit.